UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 25-44884

KWON S. HOLLOWAY,  Chapter 7

    Debtor.  Judge Thomas J. Tucker
_____/

**ORDER DENYING THE DEBTOR'S TURNOVER MOTION, WITHOUT PREJUDICE TO THE DEBTOR'S RIGHT TO FILE AN ADVERSARY PROCEEDING TO AVOID AND RECOVER ALLEGED PREFERENTIAL TRANSFER(S)**

    This case is before the Court on the motion filed by the Debtor on September 17, 2025, entitled "Debtor's Motion for Turnover of Exempt Property of the Estate under 11 USC §§522 and/or §547 and for Costs / Attorney Fees" (Docket # 34, the "Motion").

    The Motion seeks to avoid one or more transfers made by a creditor's pre-petition garnishment of the Debtor's wages, each as a preferential transfer under 11 U.S.C. § 547(b), and then to recover of the value of the transfer(s) once avoided, under 11 U.S.C. § 550(a). The Debtor claims to have a right to seek such relief based on 11 U.S.C. §§ 522(h) and 522(i).

    The Court concludes that the relief sought by the Debtor's Motion is a proceeding that is described as an adversary proceeding in both Fed. R. Bankr. P. 7001(a) and 7001(b).

    As to Rule 7001(a), the Motion is "a proceeding to recover money or property," and none of the exceptions in Rule 7001(a) apply. The Debtor argues that one of the exceptions in Rule 7001(a) applies here — namely, the exception for "a proceeding by an individual debtor to recover tangible personal property under § 542(a)." The Court disagrees. The Motion does not seek to recover "tangible" personal property. Rather, it seeks to recover money, under § 550(a), in the amount of the value of the transfer(s) sought to be avoided as a preference. Money is fungible, and there is no specific tangible property to be recovered. Money is not "tangible" property. *See, e.g.*, Advisory Committee Note to 2004 Amendments to Rule 7001(a) ("An individual debtor may need to obtain the prompt return from a third party of tangible personal property — such as an automobile or tools of the trade — . . . ."); Black's Law Dictionary (7th ed.) at 1234 (defining "tangible property" as "[p]roperty that has physical form and characteristics").[1]

---

[1] The Debtor cites one case in support of his argument — *Levin v. Dare*, 203 B.R. 137 (N.D. Ind. 1996). That case is not on point, and it does not support the Debtor's argument in any persuasive way. And it appears to no longer be good law in any event, based on a later decision of the United States Court of Appeals for the Seventh Circuit. *See In re Anderson*, 584 B.R. 861, 864 (Bankr. N.D. Ind. 2017) (discussing *In re Oakley*, 344 F.3d 709 (7th Cir. 2003).

As to Rule 7001(b), the Motion seeks, in substance, "to determine the validity, priority, or extent of a lien **or other interest in property**" within the meaning of Rule 7001(b) (emphasis added). The garnishing creditor at issue received a transfer of the Debtor's property. In seeking to now avoid that transfer, the Debtor in effect seeks a determination that the creditor no longer has any interest in that property.

For these reasons, the Debtor must seek the relief sought by his Motion by filing an adversary proceeding. He cannot seek such relief as a contested matter, by means of a motion.

Accordingly,

IT IS ORDERED that the Motion (Docket # 34) is denied, without prejudice to the Debtor's right to file an adversary proceeding.

**Signed on September 18, 2025**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**